**CLEVELAND MUSEUM OF ART, Plaintiff, v. O'NEILL, Attorney General et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 668864. Decided April 12, 1955.

Jones, Day, Cockley & Reavis, by Arthur Dougan, James Lynn, of counsel, Cleveland, for plaintiff.

C. William O'Neill, Atty. Genl., by Ralph Klapp, Asst. Atty Genl., of Counsel, Columbus, for defendant C. William O'Neill, Atty. Genl.

Douglas, Stark, Jett & Biechele, by Charles F. Carr, of counsel, Cleveland, for defendant, Cleveland Trust Company.

Carl H. Brown, Jr., Cleveland, for defendant, Horace Kelley Art Foundation.

Edwin D. Williams, Cleveland, for defendants, Trustees of The John Huntington Art and Polytechnic Trust.

**OPINION**

By LYBARGER, J.

I have observed that there was no proposition manifested in the pleadings in this case on the part of those who might conceivably raise some point by way of objection. The Court has given considerable thought to it and is prepared to rule on this without any hesitation.

This is an action for a declaratory judgment by means of which the Court is asked to interpret provisions in three trust funds established in times past for the support of the work of The Cleveland Museum of Art.

It appears from the petition and the evidence that the Museum Building, which a generation ago was adequate to house the many fine works of art in the Museum's collection, is no longer large enough to permit the Museum adequately and fully to carry out its program. There is, therefore, under way at this time the construction of additional space and the improvement of existing facilities. It appears from the evidence that if the Museum is to function as it should it must have generous and widespread support for its current building effort.

The plaintiff, therefore, requests that the Court apply the doctrine of deviation in order to permit the income from the three trust funds mentioned in the petition to be applied for a limited time to help construct the physical plant of the Museum.

In passing upon a request such as that prayed for in the instant action the Court has two general duties: To determine (1) what was the basic purpose of the settlors in establishing the respective trusts, and (2) what would the settlors now direct in view of the changed conditions which have resulted with the passing of time

The language used in the several instruments creating the funds is helpful in understanding the broad purpose which each settlor had in mind at the time he created a fund for charitable use so many years ago. The material language of the respective trusts is set forth in full, so far as it bears upon the issue here, in the petition of the plaintiff.

The evidence is unquestionable that the purpose of the settlors was a broad one. They made no little plans. Rather, they aimed at helping to create and maintain an Art Museum which would endure indefinitely; an institution for the benefit and enjoyment of the communty at large; a place where Cleveland might collect the priceless art of all ages for the cultural edification of its people.

Those who created the trusts with which this action deals were among the pioneers in the movement to bring into being a truly great Art Museum. The evidence is clear that in their day the most practical way for accomplishing their expansive purpose was to set aside funds for the acquiring of objects of art. That was the primary goal on the way toward establishing a strong Museum; they did their share in realizing it by making money immediately available for much-needed purchases.

How well the Cleveland Museum of Art has served the purpose which the settlors had in mind is revealed by the evidence of the Museum's steady growth. It has come to take its place among the outstanding institutions of its kind in the land. With the passing years its acquisi-

tions have steadily grown and today they far exceed even the vision granted the pioneers of a generation ago.

The evidence reveals that today the Museum's problem is quite different than when the settlors made their generous gifts. Then the need was for art with which to build the Museum's collection; now it is for an additional building where its many fine objects of art, brought from present places of storage, may be permanently displayed.

It is clear that there is no failure of the purpose which the settlors made manifest in their respective trusts. The Cleveland Museum of Art is ably offering the community cultural and educational advantages. But circumstances beyond the vision of the settlors today threaten to defeat the accomplishment of the very purpose which they had in mind. Lack of space now means loss of pictures for public enjoyment. How can the institution continue to render full service to a growing city if it is cramped to such an extent that it is unable to display masterpieces it now possesses and art it will acquire in future years? The evidence indicates that the need has changed, but that the long-range purpose remains the same, namely, the maintenance of an outstanding Museum of Art.

The Court is entitled to ask what the settlors would do today with the income of their trust funds, in view of the changed conditions that they could not anticipate. Would they be inclined to see the broad work of The Cleveland Museum of Art either defeated or impaired by lack of space? From the evidence the Court is convinced that the settlors were persons of broad vision and that in any event they would want the Museum to prosper, to expand and to be able to carry on its work indefinitely. The Court has no hesitancy in saying that under existing circumstances they would willingly deviate from their expressed method of procedure and permit the income from the trusts to be used as prayed for in the petition.

The law bearing upon the question before the Court is clear. In the case of **Findley v. Conneaut, 145 Oh St 480,** the Supreme Court of Ohio adopts the language of "Restatement of the Law of Trusts and says on page 491 of the opinion:

"In 2 Restatment of Trusts, 1176, Section 381, the rule as to deviation is stated thus:

"The Court will direct or permit the trustee of a charitable trust to deviate from a term of the trust if it appears to the court that compliance is impossible or illegal, or that owing to circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair the accomplishment of the purposes of the trust."

That is the law of Ohio. Numerous Ohio cases have applied this principle under circumstances similar to those existing in the instant case. See **McIntire v. Zanesville, 17 Oh St 352; Gearhart v. Richardson, 109 Oh St 418;** and the recent appellate case, **First National Bank v. Unknown Heirs, 96 Oh Ap 509.**

One problem presents itself in dealing with the terms of the Wade Trust. Here a portion of the language used said that "if the said Cleveland Museum of Art shall not observe the terms and conditions imposed upon it by this agreement, then after notice and continued failure, the trust for the Museum shall go over to" another fund.

14

The Court gave consideration to that problem and is of the opinion that this provision throws no stumbling block in the way of accomplishing what the plaintiff seeks herein. The Wade trust clearly indicated that its purpose was to provide for the exhibition of works of art in the Museum. The Court is convinced that the settlor today would direct that the income be used to help expand the physical plant of the Museum to the end that Wade's original purpose might prevail. The Court can see no violation of any of the terms or conditions of the Wade Trust by permitting the deviation prayed for in the petition. I believe that this is in line with the case of **Carr v. Trustees of Lane Cemetery, 21 Abs 107.**

For the above reasons the Court authorizes the plaintiff to use income from the Wade Trust, Severance Trust and the Marlatt Fund, and each of them, for building an addition on and remodelling the present Art Museum Building, to last for three years if necessary, as prayed for in the petition of the plaintiff.

The Court holds that the exercise of the authority just mentioned does not constitute a failure to observe the terms and conditions imposed upon The Cleveland Museum of Art by the Wade Trust.

A journal entry agreeable to the terms of this opinion may be drawn by the plaintiff.